UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States District Court
Southern District of Texas
FILED

SEP 1 2 2013

David J. Bradley, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| GIAM NGUYEN | § |
| BENJAMIN MARTINEZ | § |
| DONOVAN SIMMONS | § |
| SERYAN MIRZAKHANYAN | § |
| a/k/a SAM | § |
| ZAVEN POGOSYAN a/k/a MIKE | § |
| EDVARD SHAKHBAZYAN | § |
| ANNA BAGOUMIAN | § |
| FRANK MONTGOMERY | § |
| a/k/a BONES | § |
| Defendants | § |

Criminal No.
**UNDER SEAL**

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

13 CR 578

UN-SEALED PER _Oral Order_ 10/3/13

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

## A. INTRODUCTION

At all times material to this Indictment:

## THE MEDICARE PROGRAM

1.     The Medicare Program ("Medicare") was a federally funded health

insurance program that provided  health care benefits to certain individuals,

primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS) an agency of the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were often referred to as Medicare "beneficiaries."

2.    Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3.    Medicare Part B helped pay for certain physician services, outpatient services, and other services, including diagnostic testing, etc. that were medically necessary and were ordered by licensed medical doctors or other qualified health care providers.

### THE DEFENDANTS

4.    GIAM NGUYEN, defendant herein, was a Doctor, licensed by the State of Texas to practice medicine, and resided in Houston, Texas.

5.    BENJAMIN MARTINEZ, defendant herein, was a Doctor, licensed by the State of Texas to practice medicine, and resided in Dallas, Texas.

6.    DONOVAN SIMMONS, defendant herein, was a Doctor, licensed by the State of Texas to practice medicine, and resided in Austin, Texas.

7.    SERYAN MIRZAKHANYAN a/k/a SAM, defendant herein, was the

Director of Uni Office Manage, Inc. located at 2110 Jefferson Street, Suite 107, Houston, Texas, and resided in Houston, Texas.

7.  ZAVEN POGOSYAN a/k/a MIKE, defendant herein, was the Manager of three medical clinics located in Houston, Texas at 2110 Jefferson Street, Suite 107 (Jefferson Clinic); 2112 Pease Street (Pease Clinic); and 6892 Southwest Freeway, Suite A-2 (Southwest Freeway Clinic); and resided in Houston, Texas.

8.  EDVARD SHAKHBAZYAN, defendant herein, was in charge of the Jefferson Clinic and the Pease Clinic, and resided in Houston, Texas.

9.  ANNA BAGOUMIAN, defendant herein, was an employee at the Jefferson Clinic, the Pease Clinic, and the Southwest Freeway Clinic, and resided in Houston, Texas.

10.  FRANK MONTGOMERY a/k/a BONES, defendant herein, was a marketer/recruiter for the Jefferson Clinic, the Pease Clinic, and the Southwest Freeway Clinic, and resided in Houston, Texas.

## B. THE CONSPIRACY

11.  Beginning in or about September, 2008, the exact time being unknown and continuing thereafter to in or about May, 2010, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**GIAM NGUYEN,**
**BENJAMIN MARTINEZ,**
**DONOVAN SIMMONS,**
**SERYAN MIRZAKHANYAN a/k/a SAM,**
**ZAVEN POGOSYAN a/k/a MIKE,**
**EDVARD SHAKHBAZYAN,**
**ANNA BAGOUMIAN, and**
**FRANK MONTGOMERY a/k/a BONES**

did knowingly, intentionally, and willfully combine, conspire, confederate and

agree with each other and other persons known and unknown to the grand jury to

commit and aid and abet certain offenses against the United States:

To violate the Health Care Fraud statute, that is, to knowingly and willfully

execute and attempt to execute, a scheme and artifice: (1) to defraud a

health care benefit program; namely the Medicare program; and (2) to

obtain, by means of material false and fraudulent pretenses, representations,

and promises, money and property owned by, or under the custody and

control of, a health care benefit program, namely, Medicare; in connection

with the delivery of and payment for health care benefits, items and

services, violation of Title 18, United States Code Section 1347.

## C. OBJECT OF THE CONSPIRACY

12. It was an object of the conspiracy that the defendants and others known

and unknown to the Grand Jury unlawfully enrich themselves by falsely and

fraudulently representing to Medicare that certain services and procedures were

performed for Medicare beneficiaries when in fact the defendants well knew the services and procedures were not being performed.

### D. MANNER AND MEANS

It was a part of the conspiracy that:

13.  Defendant GIAM NGUYEN would and did file a Medicare Enrollment Application in his name on October 1, 2008 for the Jefferson Clinic.

14.  Defendant GIAM NGUYEN would and did open checking account number *6983, in his name, at Bank of America on September 5, 2008 for the purpose of receiving Medicare payments for medical services and procedures allegedly done at the Jefferson Clinic.

15.  Defendant GIAM NGUYEN would and did file an Electronic Funds Transfer Authorization Agreement with Medicare on October 1, 2008 for the purpose of designating Bank of America checking account number *6983 ("Nguyen's BOA account") as the account authorized to receive the direct deposit of Medicare payments for medical services and procedures allegedly done at the Jefferson Clinic.

16.  Defendant GIAM NGUYEN would and did provide the checkbook for Nguyen's BOA account to defendant Zaven Pogosyan a/k/a Mike.

17.  Defendant GIAM NGUYEN would and did sign blank checks from

Nguyen's BOA account and give them to defendant Zaven Pogosyan a/k/a Mike.

18.  Defendant GIAM NGUYEN would and did receive $95,000.00 from Nguyen's BOA account for his work at the Jefferson Clinic.

19.  Defendant SERYAN MIRZAKHANYAN a/k/a SAM would and did receive $10,000.00 from Nguyen's BOA account for his work at the Jefferson Clinic.

20.  Defendants, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, AND ANNA BAGOUMIAN, would and did pay marketer/recruiters cash to bring Medicare beneficiaries to the Jefferson, Pease, and Southwest Freeway Clinics.

21.  Defendants, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures, including rectal sensation tests and EMG studies of the anal or urethral sphincter, which were never performed.

22.  Defendants, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures at the Jefferson Clinic, totaling approximately $2.6 million, which were either not

performed or were not medically necessary.

23.  Defendants, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a

SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and

ANNA BAGOUMIAN, would and did cause Medicare to directly deposit

approximately $1.5 million to Nguyen's BOA account for procedures at the

Jefferson Clinic which were either not performed or were not medically necessary.

24.  SERYAN MIRZAKHANYAN a/k/a SAM, defendant herein, would and

did file a Certificate of Formation for a For-Profit Corporation with the Texas

Secretary of State in the name of Uni Office Manage, Inc. as the Director.

25.  SERYAN MIRZAKHANYAN a/k/a SAM, defendant herein, would and

did lease the space for the Pease Clinic in his name as the owner of the medical

clinic.

26.  Defendant GIAM NGUYEN would and did sign checks from Nguyen's

BOA account payable to Uni Office Manage, Inc. totaling approximately $1.3

million and gave them to ZAVEN POGOSYAN a/k/a MIKE.

27.  SERYAN MIRZAKHANYAN a/k/a SAM, defendant herein, would and

did receive $63,988.00 from Uni Office Manage, Inc.

28.  Defendant BENJAMIN MARTINEZ would and did file a Medicare

Enrollment Application in his name on July 31, 2009 for the Pease Clinic.

29. Defendant BENJAMIN MARTINEZ would and did open checking account number *4138, in his name, at Bank of America on July 20, 2009 for the purpose of receiving Medicare payments for medical services and procedures allegedly done at the Pease Clinic.

30. Defendant BENJAMIN MARTINEZ would and did file an Electronic Funds Transfer Authorization Agreement with Medicare on July 31, 2009 for the purpose of designating Bank of America checking account number *4138 ("Martinez's BOA account") as the account authorized to receive the direct deposit of Medicare payments for medical services and procedures allegedly done at the Pease Clinic.

31. Defendant BENJAMIN MARTINEZ would and did provide the checkbook for Martinez's BOA account to the individual who ran the Pease Clinic who he knew as Mike Torres.

32. Defendant BENJAMIN MARTINEZ would and did sign blank checks from Martinez's BOA account and give them to Mike Torres.

33. Defendant BENJAMIN MARTINEZ would and did receive $64,575.00 from Martinez's BOA account his work at the Pease Clinic.

34. Defendant ANNA BAGOUMIAN would and did receive $26,500.00 from Martinez's BOA account for her work at the Pease Clinic.

8

35. Defendant BENJAMIN MARTINEZ would and did fly from Dallas to Houston once a month to review some of the patient files at the Pease Clinic.

36. Defendant BENJAMIN MARTINEZ would and did receive $7,000.00 per month to fly from Dallas to Houston once a month to review some of the patient files at the Pease Clinic.

37. Defendant GIAM NGUYEN would and did see patients as the doctor at the Pease Clinic which were billed to Medicare as BENJAMIN MARTINEZ's patients.

38. Defendant GIAM NGUYEN would and did receive $67,000.00 from the Martinez's BOA account.

39. Defendants, BENJAMIN MARTINEZ, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures at the Pease Clinic, including rectal sensation tests and EMG studies of the anal or urethral sphincter, which were never performed.

40. Defendants, BENJAMIN MARTINEZ, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause

9

Medicare to be billed for procedures at the Pease Clinic, totaling approximately $1.6 million, which were either not performed or were not medically necessary.

41. Defendants, BENJAMIN MARTINEZ, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to directly deposit approximately $1.1 million to Martinez's BOA account for procedures at the Pease Clinic which were either not performed or were not medically necessary.

42. Defendant BENJAMIN MARTINEZ would and did sign checks from Martinez's BOA account payable to Goldstar Office Manage, Inc. totaling approximately $902,000.00 and gave them to Mike Torres.

43. Defendant ANNA BAGOUMIAN would and did receive $92,800.00 from Goldstar Office Manage, Inc. for her work at the Pease Clinic.

44. Defendant DONOVAN SIMMONS would and did file a Medicare Enrollment Application in his name on November 5, 2009 for the Pease Clinic.

45. Defendant DONOVAN SIMMONS would and did open checking account number *0988, in his name, at Bank of America on October 27, 2009 for the purpose of receiving Medicare payments for medical services and procedures allegedly done at the Pease Clinic.

46.  Defendant DONOVAN SIMMONS would and did file an Electronic Funds Transfer Authorization Agreement with Medicare on November 5, 2009 for the purpose of designating Bank of America checking account number *0988 ("Simmons' BOA account") as the account authorized to receive the direct deposit of Medicare payments for medical services and procedures allegedly done at the Pease Clinic.

47.  Defendant DONOVAN SIMMONS would and did provide the checkbook for Simmon's BOA account to defendant Zaven Pogosyan a/k/a Mike.

48.  Defendant DONOVAN SIMMONS would and did sign blank checks from Simmon's BOA account and give them to defendant Zaven Pogosyan a/k/a Mike.

49.  Defendant DONOVAN SIMMONS would and did receive $40,000.00 from Simmon's BOA account his work at the Pease Clinic.

50.  Defendant ANNA BAGOUMIAN would and did receive $4,000.00 from Simmons' BOA account for her work at the Pease Clinic.

51.  Defendant DONOVAN SIMMONS would and did travel from Austin to Houston once a month to review some of the patient files at the Pease Clinic.

52.  Defendant DONOVAN SIMMONS would and did receive $8,000.00 per month to travel from Austin to Houston once a month to review some of the

patient files at the Pease Clinic.

53. Defendant GIAM NGUYEN would and did see patients as the doctor at the Pease Clinic which were billed to Medicare as DONOVAN SIMMONS' patients.

54. Defendants, DONOVAN SIMMONS, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures at the Pease Clinic, including rectal sensation tests and EMG studies of the anal or urethral sphincter, which were never performed.

55. Defendants, DONOVAN SIMMONS, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures at the Pease Clinic, totaling approximately $532,000.00, which were either not performed or were not medically necessary.

56. Defendants, DONOVAN SIMMONS, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to directly deposit approximately $172,000.00 to Simmons' BOA

account for procedures at the Pease Clinic which were either not performed or were not medically necessary.

57. Defendant DONOVAN SIMMONS would and did sign checks from Simmon's BOA account payable to Southwest Administrative Services, Inc. totaling approximately $121,500.00 and gave them to defendant Zaven Pogosyan a/k/a Mike.

58. Defendant ANNA BAGOUMIAN would and did receive $36,300.00 from Southwest Administrative Services, Inc. for her work at the Pease Clinic.

59. Defendant ZAVEN POGOSYAN a/k/a MIKE would and did receive $25,000.00 from Southwest Administrative Services, Inc. for his work at the Pease Clinic.

60. Defendant EDVARD SHAKHBAZYAN would and did receive $25,000.00 from Southwest Administrative Services, Inc. for his work at the Pease Clinic.

61. GIAM NGUYEN, defendant herein, would and did file a Certificate of Formation of a Professional Association with the Texas Secretary of State in the name of Silver Star Medical Group, P.A. as the Director on October 22, 2009.

62. Defendant GIAM NGUYEN would and did file a Medicare Enrollment Application in the name of Silver Star Medical Group, P.A. on December 2, 2009

13

for the Southwest Freeway Clinic.

63. Defendant GIAM NGUYEN would and did open checking account number *9112, in the name of Silver Star Medical Group, P.A., at Bank of America on November 2, 2009 for the purpose of receiving Medicare payments for medical services and procedures allegedly done at the Southwest Freeway Clinic.

64. Defendant GIAM NGUYEN would and did file an Electronic Funds Transfer Authorization Agreement with Medicare on December 2, 2009 for the purpose of designating Bank of America checking account number *9112 ("Silver Star's BOA account") as the account authorized to receive the direct deposit of Medicare payments for medical services and procedures allegedly done at the Southwest Freeway Clinic.

65. Defendant GIAM NGUYEN would and did provide the checkbook for Silver Star's BOA account to defendant Zaven Pogosyan a/k/a Mike.

66. Defendant GIAM NGUYEN would and did sign blank checks from Silver Star's BOA account and give them to defendant Zaven Pogosyan a/k/a Mike.

67. Defendant GIAM NGUYEN would and did receive $25,000.00 from Silver Star's BOA account for his work at the Southwest Freeway Clinic.

68. Defendant ANNA BAGOUMIAN would and did receive $6,000.00 from Silver Star's BOA account for her work at the Southwest Freeway Clinic.

69. Defendants, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures at the Southwest Freeway Clinic, including rectal sensation tests and EMG studies of the anal or urethral sphincter, which were never performed.

70. Defendants, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to be billed for procedures at the Southwest Freeway Clinic, totaling approximately $931,739.00, which were either not performed or were not medically necessary.

71. Defendants, GIAM NGUYEN, SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN, would and did cause Medicare to directly deposit approximately $587,000.00 into Silver Star's BOA account for procedures at the Southwest Freeway Clinic which were either not performed or were not medically necessary.

72. Defendant GIAM NGUYEN would and did sign checks from Silver

Star's BOA account payable to Southwest Administrative Services, Inc. totaling approximately $432,000.00 and gave them to ZAVEN POGOSYAN a/k/a MIKE.

73.  Defendant FRANK MONTGOMERY a/k/a BONES would and did receive cash from defendants SERYAN MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN POGOSYAN a/k/a MIKE, AND ANNA BAGOUMIAN in exchange for recruiting Medicare beneficiaries for the Jefferson, Pease, and Southwest Freeway Clinics.

74.  Defendant FRANK MONTGOMERY a/k/a BONES would and did pay cash to the Medicare beneficiaries he recruited for the Jefferson, Pease, and Southwest Freeway Clinics.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FORTY-FOUR
### (Health Care Fraud)
### 18 U.S.C. § 1347

### A.  Introduction

At all times material to this Indictment:

1.  Paragraphs 1 through 10 of Section A of Count One are realleged and incorporated as though fully set forth herein.

2.  Beginning in or about September, 2008, defendants GIAM NGUYEN,

BENJAMIN MARTINEZ, DONOVAN SIMMONS, SERYAN

MIRZAKHANYAN a/k/a SAM, EDVARD SHAKHBAZYAN, ZAVEN

POGOSYAN a/k/a MIKE, and ANNA BAGOUMIAN caused to be billed, and

aided and abetted the billing of, Medicare, for medical procedures which were

either not performed or were not medically necessary.  As a result of this unlawful

scheme, Medicare paid out in excess of $3.3 million based on the false and

fraudulent claims.

## B.  Purpose of the Scheme to Defraud

3.  It was a purpose of the scheme to defraud that the defendants and others

known and unknown to the Grand Jury unlawfully enrich themselves by falsely

and fraudulently representing to Medicare that certain services and procedures

were performed for Medicare beneficiaries when in fact the defendants well knew

the services and procedures were not being performed.

## C.  Manner and Means

4.      Paragraphs 13 through 74 of Section D of Count One of this

Indictment are realleged and incorporated as though fully set forth herein.

## D.  Health Care Fraud

5.  Beginning in or about September 2008, and continuing thereafter to in

or about May 2010, in the Houston Division of the Southern District of Texas and

elsewhere, defendants

## GIAM NGUYEN,
## BENJAMIN MARTINEZ,
## DONOVAN SIMMONS,
## SERYAN MIRZAKHANYAN a/k/a SAM,
## ZAVEN POGOSYAN a/k/a MIKE,
## EDVARD SHAKHBAZYAN, and
## ANNA BAGOUMIAN

aided and abetted by each other and others known and unknown to the grand jury,

did knowingly and willfully execute and attempt to execute a scheme and artifice

to defraud a health care benefit program, and to obtain by means of material, false

and fraudulent pretenses, representations, and promises, any of the money and

property owned by, and under the custody and control of, a health care benefit

program in connection with the delivery of and payment for health care benefits,

items, and services, to wit; on or about the below listed dates, the defendants listed

caused to be submitted false and fraudulent claims to Medicare:

| CT | DEFENDANT(S) | PATIENT INITIALS | PATIENT MEDICARE NO. | DATE OF CLAIM | CLAIM NUMBER | AMOUNT BILLED | FALSE CLAIM |
|----|--------------|------------------|----------------------|---------------|--------------|---------------|-------------|
| 2 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | D.M. | 8922A | 2/17/09 | 452909048109970 | $714.12 | Services not Provided |
| 3 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | D.M. | 8922A | 3/16/09 | 452809075377350 | $2,668.44 | Services not Provided |

| 4 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | P.M. | 2880A | 2/17/09 | 452909048109930 | $1,358.89 | Services not Provided |
| 5 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | G.W. | 7452A | 2/17/09 | 452909048110120 | $1,476.55 | Services not Provided |
| 6 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | G.W. | 7452A | 3/16/09 | 452809075377380 | $2,668.44 | Services not Provided |
| 7 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | N.B. | 5622A | 6/10/09 | 452209161763540 | $2,922.45 | Services not Provided |
| 8 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | B.H. | 4487A | 6/2/09 | 452909153606080 | $3,506.94 | Services not Provided |
| 9 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | B.P. | 9696A | 6/9/09 | 452809160349210 | $3,506.94 | Services not Provided |
| 10 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | S.W. | 6484A | 3/5/09 | 452209064450860 | $1,097.17 | Services not Provided |
| 11 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | S.W. | 6484A | 3/5/09 | 452209064450870 | $1,686.56 | Services not Provided |
| 12 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | S.W. | 6484A | 6/9/09 | 452809160349230 | $2,922.45 | Services not Provided |
| 13 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | M.R. | 6128A | 6/9/09 | 452809160349280 | $2,922.45 | Services not Provided |

| 14 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | W.R. | 0246A | 6/10/09 | 452809161407340 | $3,606.94 | Services not Provided |
| 15 | Giam Nguyen<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | R.T. | 8757A | 6/15/09 | 452809166243080 | $2,922.45 | Services not Provided |
| 16 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | E.J. | 0740A | 10/30/09 | 452809303084600 | $1,415.62 | Services not Provided |
| 17 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | E.J. | 0740A | 1/19/10 | 452910019381680 | $1,288.70 | Services not Provided |
| 18 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | E.J. | 0740A | 3/2/10 | 452210061037130 | $1,933.05 | Services not Provided |
| 19 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | S.W. | 6484A | 10/1/09 | 452809274022160 | $1,123.18 | Services not Provided |
| 20 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | M.R. | 6128A | 10/15/09 | 452909288663030 | $1,996.89 | Services not Provided |
| 21 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | M.R. | 6128A | 1/26/10 | 452210026567090 | $1,288.70 | Services not Provided |

| 22 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | M.R. | 6128A | 1/26/10 | 452210026567092 | $644.35 | Services not<br>Provided |
| 23 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | M.R. | 6128A | 3/3/10 | 452210062471260 | $1,897.02 | Services not<br>Provided |
| 24 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | B.H. | 4487A | 10/21/09 | 452209294009720 | $1,074.94 | Services not<br>Provided |
| 25 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | C.G. | 7681A | 10/15/09 | 452909288662930 | $1,454.41 | Services not<br>Provided |
| 26 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | C.T. | 1214A | 2/25/10 | 452210056552480 | $1,288.70 | Services not<br>Provided |
| 27 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | C.T. | 1214A | 2/25/10 | 452210056552482 | $721.33 | Services not<br>Provided |
| 28 | Giam Nguyen<br>Benjamin Martinez<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | B.P. | 9696A | 9/30/09 | 452209273808640 | $1,499.53 | Services not<br>Provided |
| 29 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | J.T. | 9840A | 1/27/10 | 452810027514760 | $1,371.59 | Services not<br>Provided |

| 30 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | J.T. | 9840A | 1/27/10 | 452810027514770 | $1,120.30 | Services not Provided |
|----|---|---|---|---|---|---|---|
| 31 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | W.J. | 9282A | 1/25/10 | 452810025893910 | $1,227.06 | Services not Provided |
| 32 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | W.J. | 9282A | 1/25/10 | 452810025893920 | $361.20 | Services not Provided |
| 33 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | K.R. | 1722A | 1/14/10 | 452810014690010 | $339.04 | Services not Provided |
| 34 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | P.D. | 2499A | 1/19/10 | 453210019251190 | $1,359.10 | Services not Provided |
| 35 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | E.T. | 7293A | 2/3/10 | 452210034033950 | $1,193.63 | Services not Provided |
| 36 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | E.T. | 7293A | 2/3/10 | 452210034033960 | $680.58 | Services not Provided |
| 37 | Giam Nguyen<br>Donovan Simmons<br>Zaven Pogosyan<br>Seryan Mirzakhanyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | R.J. | 9061A | 2/16/10 | 452210047159540 | $1,230.16 | Services not Provided |
| 38 | Giam Nguyen<br>Zaven Pogosyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | R.T. | 8757A | 2/15/10 | 452910046344620 | $1,920.45 | Services not Provided |

| 39 | Giam Nguyen<br>Zaven Pogosyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | C.T. | 1214A | 2/4/10 | 452210035309980 | $1,920.45 | Services not Provided |
| 40 | Giam Nguyen<br>Zaven Pogosyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | S.W. | 6484A | 2/4/10 | 452210035310040 | $1,920.45 | Services not Provided |
| 41 | Giam Nguyen<br>Zaven Pogosyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | P.H. | 5873A | 2/11/10 | 452210042008070 | $2,016.88 | Services not Provided |
| 42 | Giam Nguyen<br>Zaven Pogosyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | M.R. | 6128A | 3/1/09 | 452910060375350 | $1,112.09 | Services not Provided |
| 43 | Giam Nguyen<br>Zaven Pogosyan<br>Edvard Shakhbazyan<br>Anna Bagoumian | K.R. | 1722A | 3/8/10 | 452210067421210 | $472.52 | Services not Provided |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT FORTY-FOUR
### Conspiracy to Pay and Receive Kickbacks
### (18 U.S.C. § 371)

## A.  INTRODUCTION

1.     Paragraphs 1 through 10 of this Indictment are realleged and

incorporated by reference as though fully set forth herein.

## B.  THE CONSPIRACY

2.     From in or around September 2008, and continuing thereafter to in or

about May 2010, the exact dates being unknown to the Grand Jury, in the Houston

Division of the Southern District of Texas, and elsewhere, the defendants,

**SERYAN MIRZAKHANYAN a/k/a SAM,**
**ZAVEN POGOSYAN a/k/a MIKE,**
**EDVARD SHAKHBAZYAN,**
**ANNA BAGOUMIAN, and**
**FRANK MONTGOMERY a/k/a BONES,**

did knowingly and willfully combine, conspire, confederate and agree with others

known and unknown to the grand jury, to commit certain offenses against the

United States, that is:

a.  to violate Title 42, United States Code, Section 1320a-7b(b)(1), by

knowingly and willfully soliciting and receiving remuneration, specifically,

kickbacks and bribes, directly and indirectly, overtly and covertly, in return for

referring individuals for the furnishing and arranging for the furnishing of any

item and service for which payment may be made in whole or in part by Medicare;

and for the purchasing, leasing, ordering and arranging for and recommending the

purchasing, leasing and ordering of any good, item and service for which payment

may be made in whole and in part by a Federal health care program, that is,

Medicare; and

b.  to violate Title 42, United States Code, Section 1320a-7b(b)(2), by

knowingly and willfully offering and paying remuneration, specifically, kickbacks

and bribes, directly and indirectly, overtly and covertly, in return for referring

24

individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering and arranging for and recommending the purchasing, leasing and ordering of any good, item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

### C. OBJECT OF THE CONSPIRACY

3. It was an object of the conspiracy that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by paying and receiving kickbacks and bribes in exchange for the referral of Medicare beneficiaries for whom the Medical Clinics would submit claims to Medicare.

### C. Manner and Means

4. Paragraphs 13 through 74 of Section D of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

### D. Overt Acts

5. In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others, were committed in the Southern District of Texas,

(1) On or about September 25, 2009, defendant SERYAN

MIRZAKHANYAN wrote check number 1058 from the Gold Star Manage, Inc.
Bank of America account payable to defendant ANNA BAGOUMIAN in the
amount of $5,500.00.

(2)  On or about September 28, 2009, defendant ANNA
BAGOUMIAN cashed check number 1058 from the Gold Star Manage, Inc. Bank
of America account made payable to her in the amount of $5,500.00.

(3)  On or about September 29, 2009, defendant FRANK
MONTGOMERY a/k/a BONES was paid cash in return for bringing Medicare
beneficiaries to the Pease Clinic allegedly for diagnostic testing.

(4)  On or about September 29, 2009, defendant FRANK
MONTGOMERY a/k/a BONES paid Medicare beneficiaries for coming to the
Pease Clinic allegedly for diagnostic testing.

(5)  On or about January 26, 2010, defendant SERYAN
MIRZAKHANYAN wrote check number 1146 from the Gold Star Manage, Inc.
Bank of America account payable to defendant ANNA BAGOUMIAN in the
amount of $5,800.00.

(6)  On or about January 27, 2010, defendant ANNA BAGOUMIAN
cashed check number 1146 from the Gold Star Manage, Inc. Bank of America
account made payable to her in the amount of $5,800.00.

(7)  On or about January 28, 2010, defendant FRANK MONTGOMERY a/k/a BONES was paid cash in return for bringing Medicare beneficiaries to the Pease Clinic allegedly for diagnostic testing.

(8)  On or about January 28, 2010, defendant FRANK MONTGOMERY a/k/a BONES paid Medicare beneficiaries for coming to the Pease Clinic allegedly for diagnostic testing.

(9)  On or about March 10, 2010, defendant ANNA BAGOUMIAN cashed check number 1016 from the Southwest Administrative Services, Inc. Bank of America account made payable to her in the amount of $5,000.00.

(10)  On or about March 19, 2010, defendant FRANK MONTGOMERY a/k/a BONES was paid cash in return for bringing Medicare beneficiaries to the Southwest Freeway Clinic allegedly for diagnostic testing.

(11)  On or about March 19, 2010, defendant FRANK MONTGOMERY a/k/a BONES paid Medicare beneficiaries for coming to the Southwest Freeway Clinic allegedly for diagnostic testing.

## COUNTS FORTY-FIVE and FORTY-SIX
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.     On or about the dates set forth below, in the Houston Division of the

Southern District of Texas and elsewhere, the defendants

**GIAM NGUYEN**
**and**
**SERYAN MIRZAKHANYAN a/k/a SAM,**

aided and abetted by others, known and unknown, did knowingly engage and

attempt to engage in monetary transactions by, through, or to a financial

institution, affecting interstate or foreign commerce, in criminally derived property

of a value greater than $10,000, such property having been derived from a

specified unlawful activity, that is health care fraud in violation of Title 18, United

States Code, Section 1347, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 45 | 6/19/09 | Deposit of check #1101 in the amount of $51,200.00 drawn on the Giam M. Nguyen acc't ending in #6983 at Bank of America made payable to Uni Office Manage, Inc. into Uni Office Manage, Inc.'s Bank of America acc't ending in #8830 |
| 46 | 6/19/09 | Deposit of check #1102 in the amount of $51,100.00 drawn on the Giam M. Nguyen acc't ending in #6983 at Bank of America made payable to Uni Office Manage, Inc. into Uni Office Manage, Inc.'s Citibank acc't ending in #1063 |

**All in violation of Title 18, United State Code, Sections 1957 and 2.**

## COUNTS FORTY-SEVEN and FORTY-EIGHT
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.     On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

### GIAM NGUYEN

aided and abetted by others, known and unknown, did knowingly engage and

attempt to engage in monetary transactions by, through, or to a financial

institution, affecting interstate or foreign commerce, in criminally derived property

of a value greater than $10,000, such property having been derived from a

specified unlawful activity, that is health care fraud in violation of Title 18, United

States Code, Section 1347, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 47 | 3/5/10 | Deposit of check #2013 in the amount of $47,895.00 drawn on Silver Star Medical Group' acc't ending in #9112 at Bank of America made payable to Southwest Administrative Services into Southwest Administrative Services' Bank of America acc't ending in #0069. |
| 48 | 4/9/10 | Deposit of check #2036 in the amount of $52,000.00 drawn on Silver Star Medical Group' acc't ending in #9112 at Bank of America made payable to Southwest Administrative Services into Southwest Administrative Services' Bank of America acc't ending in #0069. |

**All in violation of Title 18, United State Code, Sections 1957 and 2.**

## COUNTS FORTY-NINE and FIFTY
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.      On or about the dates set forth below, in the Houston Division of the

Southern District of Texas and elsewhere, the defendants

## BENJAMIN MARTINEZ

aided and abetted by others, known and unknown, did knowingly engage and

attempt to engage in monetary transactions by, through, or to a financial

institution, affecting interstate or foreign commerce, in criminally derived property

of a value greater than $10,000, such property having been derived from a

specified unlawful activity, that is health care fraud in violation of Title 18, United

States Code, Section 1347, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 49 | 11/12/09 | Deposit of check #1170 in the amount of $43,000.00 drawn on the Benjamin S. Martinez acc't ending in #4138 at Bank of America made payable to Goldstar Office Manage, Inc. into Goldstar Office Manage, Inc.'s Bank of America acc't ending in #8042 |

| 50 | 2/5/10 | Deposit of check #1212 in the amount of $63,579.00 drawn on the Benjamin S. Martinez acc't ending in #4138 at Bank of America made payable to Goldstar Office Manage, Inc. into Goldstar Office Manage, Inc.'s Bank of America acc't ending in #8042 |

**All in violation of Title 18, United State Code, Sections 1957 and 2.**

## COUNTS FIFTY-ONE and FIFTY-TWO
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.      On or about the dates set forth below, in the Houston Division of the

Southern District of Texas and elsewhere, the defendant

### DONOVAN SIMMONS

aided and abetted by others, known and unknown, did knowingly engage and

attempt to engage in monetary transactions by, through, or to a financial

institution, affecting interstate or foreign commerce, in criminally derived property

of a value greater than $10,000, such property having been derived from a

specified unlawful activity, that is health care fraud in violation of Title 18, United

States Code, Section 1347, as follows:

31

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 51 | 2/24/10 | Deposit of check #1004 in the amount of $22,000.00 drawn on the Donovan M. Simmons' acc't ending in #0988 at Bank of America made payable to Southwest Administrative Services into Southwest Administrative Services' Bank of America acc't ending in #0069 |
| 52 | 3/18/10 | Deposit of check #1010 in the amount of $35,055.00 drawn on the Donovan M. Simmons' acc't ending in #0988 at Bank of America made payable to Southwest Administrative Services into Southwest Administrative Services' Bank of America acc't ending in #0069 |

**All in violation of Title 18, United State Code, Sections 1957 and 2.**

## <u>NOTICE OF FORFEITURE</u>
### 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States

gives notice to defendants

**GIAM NGUYEN,**
**BENJAMIN MARTINEZ,**
**DONOVAN SIMMONS,**
**SERYAN MIRZAKHANYAN a/k/a SAM,**
**ZAVEN POGOSYAN a/k/a MIKE,**
**EDVARD SHAKHBAZYAN,**
**ANNA BAGOUMIAN,** and
**FRANK MONTGOMERY a/k/a BONES**

that upon conviction of conspiracy in violation of Title 18, United States Code, Sections 1349 or of a violation of Title 18, United States Code, Section 1347, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offenses, is subject to forfeiture.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendants

**GIAM NGUYEN,**
**BENJAMIN MARTINEZ,**
**DONOVAN SIMMONS, and**
**SERYAN MIRZAKHANYAN a/k/a SAM,**

that upon conviction of a violation of Title 18, United States Code, Section 1957, all property, real or personal, involved in such money laundering offenses or traceable to such property, is subject to forfeiture.

## Money Judgment

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the defendants may be jointly and severally liable.

33

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,;

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), and as incorporated by reference in Title 28, UnitedStates Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

Original Signature on File

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
    Albert A. Balboni
    Assistant United States Attorney